IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01252-WJM-KLM

CHELSEA BLOCKLIN,
JALEN AQUINO,
HUYEN TRAN DUONG,
JACQUELINE DALLMAN,
KHAI TRAN, and
PHUONG-ANH CAI,
      On their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

BLACK PEPPER PHO, LLC,
HUONG DANG, and
CHRISTOPHER JOHN,

      Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the parties' **Joint Motion for Court Approval of Settlement** [#23][1] (the "Motion").[2] The parties request that the Court approve a proposed settlement agreement, which resolves all of Plaintiffs' claims in this matter, including those

---

[1] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] On July 22, 2014, the parties filed a Joint Motion for Exercise of Jurisdiction by a United States Magistrate Judge [#24]. The District Judge thereafter entered an Order [#26] referring the Motion [#23] for final disposition to the undersigned pursuant to 28 U.S.C. § 636(c)(1) and D.C.COLO.LCivR 72.2.

brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

In the context of a private lawsuit brought by an employee against an employer under section § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 113 n.8 (1946); *Jarrad v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).  In *Baker v. Vail Resorts Management Company*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *3 (D. Colo. Feb. 24, 2014), the Court held that "[t]o approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees."  To demonstrate those factors, parties must generally describe the nature of and facts at issue in the action, show that the proposed settlement provides adequate compensation to the plaintiff, and provide for reasonable attorney's fees in the proposed settlement. *Id.* at *3-8.

The Court must first determine whether the parties have provided sufficient information to determine whether a bona fide dispute exists. *Id.* at *1. "The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement." *Id.* Sufficient information regarding a bona fide dispute consists of the following: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the

employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Id.*

After reviewing the Motion and other filings in this matter, the Court finds that the parties have addressed many but not all of these factors. Most glaringly, they have omitted any discussion of each party's estimate of the number of hours worked and the applicable wage. Before the Court can approve the parties' proposed settlement agreement, the parties must address these factors, as well as the factors listed in *Baker* regarding whether to approve a class action settlement: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." 2014 WL 700096, at *2. The Court will reevaluate the proposed settlement after filing of a renewed motion by the parties that discusses each of these factors. The renewed motion should include a copy of the proposed settlement agreement as well, which the parties did not include with the Motion [#23]. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#23] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the parties may file an Amended Joint Motion for

Court Approval of Settlement **on or before October 15, 2014**.[3]

Dated: September 15, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge

---

[3] If the parties wish the undersigned to exercise consent jurisdiction over the Amended Joint Motion for Court Approval of Settlement, they should file another Joint Motion for Exercise of Jurisdiction by a United States Magistrate Judge over the renewed motion.