IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01252-WJM-KLM

CHELSEA BLOCKLIN,
JALEN AQUINO,
HUYEN TRAN DUONG,
JACQUELINE DALLMAN,
KHAI TRAN, and
PHUONG-ANH CAI,
    On their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

BLACK PEPPER PHO, LLC,
HUONG DANG, and
CHRISTOPHER JOHN,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Renewed Joint Motion for Court Approval of Settlement** [#32][1] (the "Motion"). The Motion has been referred to the undersigned for recommendation. [#33]. The parties request that the Court approve a proposed settlement agreement, which resolves Plaintiffs' four claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.: (1) unlawful tip pooling, (2)

---

[1] "[#32]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

unlawful meal break deductions, (3) unlawful payment of tip-credited minimum wage, and (4) unlawful appropriation of tips. *Compl.* [#1] ¶¶ 41-80.

In the context of a private lawsuit brought by an employee against an employer under section § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 113 n.8 (1946); *Jarrad v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

## I. Analysis

In *Baker v. Vail Resorts Management Company*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *3 (D. Colo. Feb. 24, 2014), the Court held that "[t]o approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the

proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." To demonstrate those factors, parties must generally describe the nature of and facts at issue in the action, show that the proposed settlement provides adequate compensation to the plaintiff, and provide for reasonable attorney's fees in the proposed settlement. *Id.* at *3-8. The Court addresses each of these factors in turn.

**A.     Bona Fide Dispute**

The Court must first determine whether the parties have provided sufficient information to determine whether a bona fide dispute exists. *Id.* at *1. "The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement." *Id.* Sufficient information regarding a bona fide dispute consists of the following: "(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Id.*

On examination of the Motion, the Court finds that the parties have provided sufficient information in support of their assertion that a bona fide dispute exists. *Motion* [#32] at 2-7. Regarding the nature of the dispute, the parties state that Defendants do not dispute Plaintiffs' claims regarding unlawful tip pooling, unlawful payment of tip-credited minimum wage, and unlawful appropriation of tips, but they do dispute Plaintiffs' claim

regarding unlawful meal break deductions and whether any of the violations were willful, the latter of which could greatly impact damages. *Compl.* [#1] ¶¶ 41-80; *Motion* [#32] at 3. Regarding the employer's business and the employees' work, the business is a full service casual restaurant open daily, and Plaintiffs in this lawsuit were formerly employed as servers there. *Compl.* [#1] ¶ 1; *Motion* [#32] at 3-4, 9. The parties discuss Defendants' practice of splitting tips with kitchen staff who were paid normal minimum wage as opposed to tipped minimum wage. *Motion* [#32] at 5-6. While the parties do not dispute the unlawfulness of this action under the FLSA, they do dispute whether the action was willful and thus whether Plaintiffs should obtain additional damages. *Id.* at 7. The parties have also provided the estimated computation of wages owed based on hours worked and the applicable wage for each Plaintiff in this matter. *Motion* [#32] at 6-7. In fact, the parties independently calculated Plaintiffs' baseline damages after exchanging relevant data, and each sides' "calculations yielded almost precisely equal results, which results form the basis of the agreement . . . ." *Id.* at 6. In light of the foregoing and the parties' briefing, the Court finds that a bona fide dispute exists.

**B.     Fair and Equitable Settlement**

Second, the Court determines whether the proposed settlement is fair and equitable to all parties concerned. *Baker*, 2014 WL 700096, at *2. In making this determination, the Court considers: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere

possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Id.*

According to the Motion:

> [The parties] engaged in extended negotiations regarding Defendants' liability and Plaintiffs' damages. The parties exchanged documentation relating to Plaintiffs' hours worked and wages paid, and engaged in various rounds of refinement of the calculations of Plaintiffs' damages. Once a settlement agreement was reached, Defendants[, who initially proceeded pro se,] engaged counsel to review the terms of the agreement for fairness.

*Motion* [#32] at 8. The parties assert that a serious question of law and fact existed with respect to whether a trier of fact would find that Defendants' violations of the FLSA were willful, which would have substantially impacted recoverable damages. *Id.* The parties agreed that recovering all but 25% of their liquidated damages was more important than the possibility of recovering the remainder. *Id.* Further, the parties agree that Plaintiffs' recovery was not influenced by the issue of attorney fees, i.e., "that their settlement addresses Plaintiffs' recovery separately from and independently of attorney fee considerations." *Motion* [#32] at 10. Thus, the parties believe that the settlement is fair and reasonable. Based on the foregoing, the Court finds that the parties have presented evidence that they fairly and honestly negotiated the settlement.

Next, the Court examines whether the settlement agreement undermines the purpose of the FLSA. *Baker*, 2014 WL 700096, at *2. The purpose of the FLSA is the protection of employees' rights from employers who generally wield superior bargaining power. *Id.* A settlement agreement's compliance with the FLSA depends on these factors: (1) presence of other similarly situated employees; (2) a likelihood that the plaintiffs'

-5-

circumstances will recur; and (3) whether the defendants had a history of non-compliance with the FLSA.  *Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227,1244 (M.D. Fla. 2010)).  Here, there are no other employees who consented to join this action, and there is no indication that Defendants' alleged failure to comply with the FLSA represents a continuing violation or is part of widespread conduct.  *Motion* [#32] at 9.  *See also id.* at 5 (stating that Defendants have since changed their practices to comply with the FLSA). Moreover, Plaintiffs are no longer employed by Defendants.  *Id.*  Finally, the Settlement Agreement is publicly available on the Court's electronic docket, so the terms of the settlement are public. *Settlement Agreement* [#32-1] at 7.  The case therefore gives notice to future plaintiffs of prior allegations of defendants' improper conduct.  *Baker*, 2014 WL 700096, at *2 (citing *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases)).  The Court therefore finds that the Settlement Agreement is fair and equitable and does not undermine the purpose of the FLSA.

**C.    Reasonable Attorneys' Fees**

Finally, the Court determines whether the proposed settlement awards reasonable attorneys' fees.  *Baker*, 2014 WL 700096, at *3.  To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983); *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002).  A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate.

*Hensley*, 641 U.S. at 433.  To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment.  *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted).  Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed.  *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."  *Case*, 157 F.3d at 1250.  "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice.  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).  The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment.  *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

One lawyer represented Plaintiffs in this lawsuit: Attorney Brandt Milstein ("Milstein").

According to the billing records, he charged $250.00 per hour in this matter. [#32-2]. The Court finds that the hourly rate of $250.00 is reasonable. *See, e.g., Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, No. 11-cv-02118-KLM, 2012 WL 1431371, at *2 (D. Colo. Apr. 24, 2012).

A party seeking an award of attorney's fees must demonstrate that the expenses it seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Generally, the starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id.* at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Id.* at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute). Here, the attorney

billed for 41.75 hours of work and incurred an additional $520.00 in costs.  *Settlement Agreement* [#32-2] ¶¶ 7, 10.  At $250.00 per hour, the attorney's fees equate to $10,437.50 and, plus costs, equals $10,956.50, which is less than the $16,875.21 that Mr. Milstein seeks to recover here.  *Id.* ¶ 1(q); *Motion* [#32] at 10.  However, Mr. Milstein took this case on a contingency basis in which he would recover 33 1/3% of an overall award if such percentage was greater than the lodestar fee calculation.  *Aff. of Milstein* [#23-1] ¶ 9.  Of the $51,137.00 in total settlement that Defendants will pay, 33% of that amount is $16,875.21.  Based on Mr. Milstein's contingency fee agreement with Plaintiffs and based on the undersigned's twenty-nine years of combined private and judicial experience and careful consideration of Mr. Milstein's affidavit [#23-1] and the issues underlying this matter, the Court finds that $16,875.21 in attorney's fees and costs are reasonable here.

## II. Conclusion

Thus, after reviewing the Motion and proposed Settlement Agreement, the Court finds that the litigation involves a bona fide dispute, that the proposed Settlement Agreement is fair and equitable to all parties concerned, and that the proposed settlement awards reasonable attorneys' fees and costs.  The Court therefore **recommends** that the parties' Settlement Agreement be approved.  Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#32] be **GRANTED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A

party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 14, 2014          BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge